UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IVAN WILLIAMS,<br><br>     Plaintiff<br><br>v.<br><br>BIRDSONG, et al.,<br><br>     Defendants | Case No.: 3:22-cv-00267-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action as a result of Plaintiff's failure to file an updated address and failure to prosecute.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He was initially housed at Ely State Prison (ESP), and Plaintiff has not filed a notice of change of address indicating a change in his contact information in compliance with Local Rule IA 3-1. Since approximately October 2022, docket items served on him at ESP have been returned as undeliverable. (*See* ECF Nos. 10, 11, 13, 15, 17, 19, 23, 27.)

On November 4, 2022, the court issued an order noting that NDOC's inmate database indicated Plaintiff may be housed at High Desert State Prison (HDS). The court ordered Plaintiff to file an updated address on or before December 5, 2022, and Plaintiff was cautioned that a failure to do so may result in dismissal of his action without prejudice. That order was served on

Plaintiff at ESP and HDSP. (ECF No. 12.) The order sent to ESP was returned as undeliverable. (ECF No. 13.)

Plaintiff did not file an updated address. On January 6, 2023, the court issued an order noting that the NDOC database then indicated that Plaintiff was housed at Wells Conservation Camp (WCC). The court gave Plaintiff a final extension of time, up to and including February 6, 2023, to file his updated address with the court. This order was served on Plaintiff at both ESP and WCC. (ECF No. 18.) The order sent to ESP was again returned as undeliverable. (ECF No. 19.)

On January 31, 2023, the court again directed Plaintiff to *immediately* file a notice of change of address in accordance with Local Rule IA 3-1, and the order was served on Plaintiff at ESP and WCC. (ECF No. 24.)

To date, Plaintiff has not filed an updated address with the court, and the court has had no contact from Plaintiff since he filed his application to proceed *in forma pauperis* on July 28, 2022. (ECF No. 4.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not filed an updated address with the court in compliance with Local Rule IA 3-1. Nor has he otherwise indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

A failure to comply with Local Rule IA 3-1 may result in dismissal of the action, entry of default judgment, or other sanctions deemed appropriate by the court.

Under Federal Rule of Civil Procedure 41(b), in considering whether to dismiss a pro se plaintiff's action, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to update his contact information or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action and keep the court apprised of his address. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff, including to update his address. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**.

The Clerk shall **SEND** a copy of this Report and Recommendation to Plaintiff at Wells Conservation Camp.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 7, 2023

_____
Craig S. Denney
United States Magistrate Judge